Angjelo KOCA, Eleri Koca
and Aleksander Koca,
Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 05–2713–ag (L), 05–2715–ag
(CON), 05–2716–ag (CON).

United States Court of Appeals,
Second Circuit.

Jan. 11, 2007.

Aleksander Mitch, (Charles Christophe, on the brief), Christophe & Associates, P.C., New York, NY, for Petitioners.

Nora Ascali Schwarz, Office of Immigration Litigation, United States Department of Justice, Washington, DC, (Marianna Jackson–Clay, Assistant United States Attorney, Frances E. Catron, Acting United States Attorney, United States Attorney's Office for the Eastern District of Kentucky, Lexington, KY, on the brief), for Respondent.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, Circuit Judges and EDWARD R. KORMAN, District Judge.[1]

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

2. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; see also 8 C.F.R. § 1208.16(c) (regulations implementing the CAT).

3. Petitioners Eleni Koca and Angjelo Koca are Aleksander Koca's wife and son, respectively (Eleni Koca's name is misspelled on the

## SUMMARY ORDER

Petitioner Aleksander Koca seeks review of an order of the BIA affirming an order of Immigration Judge ("IJ") Joanna M. Bukszpan that denied his application for asylum, withholding of removal pursuant to the Immigration and Nationality Act of 1952 ("INA"), and relief under the Convention Against Torture ("CAT"),[2] and ordered him removed to Albania.[3] *In re Koca*, No. A 95 365 602 (B.I.A. May 12, 2005), *aff'g* No. A 95 365 602 (Immig. Ct. N.Y. City April 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003).

■ We have no jurisdiction to review either the IJ's finding that Koca's asylum application was untimely or the IJ's determination that Koca did not establish extraordinary circumstances excusing the untimeliness, *see* 8 U.S.C. § 1158(a)(3), except to the extent that Koca raises constitutional claims or "questions of law," *see id.* § 1252(a)(2)(D). With respect to the IJ's pretermission of Koca's asylum application, Koca challenges only the IJ's factu-

official caption). Because Aleksander Koca's asylum application was filed more than one year after his arrival in the United States, the IJ suggested at his Master Calendar Hearing that his attorney also file applications for withholding of removal on behalf of his wife and son in case asylum were pretermitted, warning him that there were no derivative benefits if withholding of removal was the only relief granted. All three cases were heard in tandem, share identical facts, and seek relief based on Aleksander Koca's experiences. Although this summary order disposes of all three cases, the use of "Koca" herein refers only to Aleksander Koca.

al conclusions and the IJ's exercise of discretion. We therefore lack jurisdiction to review the IJ's denial of asylum and dismiss Koca's petition in that respect. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 328–30 (2d Cir.2006), *modifying Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144 (2d Cir.2006).

■ Turning to the IJ's conclusion that Koca failed to establish entitlement to withholding of removal, *see Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (applicant must establish it is "more likely than not" that life or freedom would be threatened on account of protected ground), we think the IJ reasonably relied on the fact that Koca, following his earlier return from Greece, had openly worked as a journalist without incident for a number of years under both Democratic Party and Socialist Party governments. Given this extended period free from adverse consequences, the IJ determined— and we agree—that Koca's brief detention in the year 2000, although accompanied by the sort of physical mistreatment inflicted on any Albanian detainee, was insufficient to meet Koca's burden of proof.

■ Moreover, we cannot say that the IJ's adverse credibility finding was unsupported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that on appellate review of removal orders, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *see also Tu Lin v. Gonzales,* 446 F.3d 395, 398 (2d Cir.2006) ("We review the IJ's factual findings under the substantial evidence standard, which is met 'unless any reasonable adjudicator would be compelled to conclude to the contrary.' ") (quoting *See* 8 U.S.C.

§ 1252(b)(4)(B)). This is not a case where petitioner's use of "fraudulent documents 'to escape immediate danger or imminent persecution' cannot itself form the basis of an adverse credibility determination." *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 288 (2d Cir.2006) (quoting *Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir. 2006)). Rather, Koca paid $25,000 to an attorney in Greece to prepare false residence papers that petitioner could present at the U.S. consulate there in order to obtain a visa. We will not now second-guess the IJ, who, having heard petitioner's testimony in the first instance, nevertheless concluded that his prior acts of fraud rendered his testimony incredible. We therefore deny Koca's petition for review with respect to his claim for withholding of removal, as well as his claim for CAT relief, which relied on the same testimony.

We have considered all of Koca's arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is **DISMISSED,** in part, and **DENIED,** in part.

Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot.